UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICKY SPEARS, individually and as Trustee for the Next-of-Kin of Amanda Sue Kingbird, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; JOHN DOES 1–5,<br><br>    Defendants. | Case No. 24-CV-4239 (PJS/LIB)<br><br>ORDER |

Oliver E. Nelson, III, MAGNA LAW FIRM, for plaintiff.

Trevor Brown, UNITED STATES ATTORNEY'S OFFICE, for defendant United States of America.

Plaintiff Vicky Spears's daughter, Amanda Sue Kingbird, died while in custody at the Red Lake Detention Center. Spears brings negligence and wrongful-death claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The United States moves to dismiss those claims for lack of jurisdiction. For the reasons that follow, the motion is granted, and Counts I and II, as pleaded against the United States, are dismissed without prejudice for lack of jurisdiction.[1]

---

[1] Spears also brings individual-capacity claims against unnamed Red Lake Detention Center staff. Compl. § I ¶ 5. Those claims remain pending.

I.  BACKGROUND

Kingbird died on June 27, 2022, while in the custody of the Red Lake Detention Center ("the Center").  Compl. § III ¶ 18.  Spears alleges that the Center is overseen by the Bureau of Indian Affairs ("BIA") and thus that the United States was, at all pertinent times, responsible for its operation.[2]  Compl. § I ¶¶ 1–2.  The BIA is part of the Department of the Interior ("DOI").  Compl. § II ¶ 11.

On December 5, 2023, the DOI received a cover letter and an SF-95 claim form from attorney Oliver Nelson.  Deguara Decl. [ECF No. 11] ¶ 5 & Ex. A.  The instructions on Form SF-95 state that the form "may be filled by a duly authorized agent or other legal representative, *provided* [that] evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant."  *Id.* Ex. A at 5 (emphasis added).  In the cover letter and claim form, Nelson states that his firm represents Spears, identifies Spears as Kingbird's mother, and seeks compensation for Kingbird's death.  *Id.* Ex. A.  Neither the cover letter nor the form say a word about the capacity in which Spears was seeking compensation, nor were they accompanied by any evidence that Spears was authorized to pursue a wrongful-death claim.  *See id.*

---

[2]The United States denies that it operates the Center, contending that the Center is operated by the Red Lake Band of Chippewa under a Self-Governance Compact with the BIA.  ECF No. 8 at 2 n.1.  The United States does not move to dismiss on this ground, however.

On June 3, 2024, the DOI denied Spears's claim. *Id.* Ex. B. The following day (that is, June 4, 2024), a Minnesota state court ordered that, "upon the filing of oath pursuant to M.S.A. 358.06," Spears "be appointed trustee to maintain the action described in said petition." *Id.* Ex. C at 4. On June 18, 2024, Nelson submitted a request for reconsideration to the DOI; the request consisted of the same SF-95 form, this time accompanied by a copy of the June 4 court order. *Id.* Ex. C. The cover letter states that Nelson was supplementing the record with "the official court order appointing Vicky Spears as the trustee for the estate of Amanda Sue Kingbird." *Id.* Ex. C at 2. The DOI denied the request for reconsideration on June 26, 2024. *Id.* Ex. D.

## II.  ANALYSIS

### A.  Standard of Review

When moving to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), a defendant may make either a "facial" or a "factual" challenge. *Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024). Here, the United States brings a factual challenge. ECF No. 8 at 2. In a factual challenge, the court does not accept the allegations in the complaint as true, but instead receives evidence and makes factual findings. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Id.*

*B. FTCA*

The FTCA waives the United States' sovereign immunity for certain tort claims committed by federal employees. *Martin v. United States*, 145 S. Ct. 1689, 1695 (2025). Before bringing an FTCA claim in federal court, a claimant must present the claim in writing to the appropriate federal agency. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Compliance with the presentment requirement is "a jurisdictional term of the FTCA's limited waiver of sovereign immunity." *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (en banc). "[A] properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." *Id.* at 803.

The United States argues that Spears failed to meet this requirement because her original December 2023 submission did not include any evidence that she had the authority to pursue a wrongful-death claim.[3] Under Minnesota law, only a trustee appointed under Minn. Stat. § 573.02, subd. 3, may pursue a wrongful-death claim. *Haugland ex rel. Donovan v. Mapleview Lounge & Bottleshop, Inc.*, 666 N.W.2d 689, 695 (Minn. 2003) ("As a condition precedent to bringing [a wrongful-death lawsuit], a

---

[3]The United States also contends that the December 2023 submission was deficient because it did not include evidence establishing that Nelson had authority to submit a claim on Spears's behalf. The Court need not address this issue, however, as it agrees that Spears's failure to submit sufficient evidence of her authority to pursue a wrongful-death claim deprives it of jurisdiction.

trustee must be appointed to bring the action and the action must be commenced by the trustee within the statutory limitations period.  Minn. Stat. § 573.02, subds. 1, 3 (2002).").

Spears appears to concede that she was not a trustee—and indeed had not yet even petitioned to be appointed a trustee—when Nelson first submitted a claim on her behalf in December 2023.  Instead, she points to her June 2024 request to reconsider, which included a copy of the June 4, 2024, court order granting her petition to be appointed trustee.  Deguara Decl. Ex. C at 4.  This submission does not save her claim, however, as it is insufficient evidence that she actually became trustee pursuant to that order.

As noted, the June 4, 2024, order recites that, "*upon the filing of oath* pursuant to M.S.A. 358.06," Spears "be appointed trustee."  Deguara Decl. Ex. C at 4 (emphasis added); *see also* Minn. Stat. § 573.02, subd. 3 (requiring trustee to "file a consent and oath" before "commencing duties").  Spears did not submit any evidence to the DOI that she filed the required oath, and in fact the public docket reflects that she did not do so until February 20, 2025, months *after* the DOI denied her request for reconsideration.  *See In re Appointment of a Trustee for the Next of Kin of Amanda Kingbird,* No. 04-CV-24-1109, Index No. 8 (Minn. Dist. Ct. Feb. 20, 2025).

Spears argues that this does not deprive the Court of jurisdiction, citing *Ariola v. City of Stillwater*, 889 N.W.2d 340 (Minn. Ct. App. 2017).  In *Ariola*, the Minnesota Court

of Appeals held that the oath, while mandatory, is not a jurisdictional prerequisite to suit and that noncompliance may be cured. *Id.* at 353. Here, however, the issue is not whether the DOI had "jurisdiction" to consider the claim. Instead, it is whether Spears submitted sufficient evidence that she had authority to make the claim. As noted, she could not have submitted such evidence because she did not file the required oath until months *after* her request for reconsideration was denied. The fact that this defect is curable (as *Ariola* held) is irrelevant, as Spears did not cure it while her claim was under consideration.

Setting that aside, *Ariola* is distinguishable for another reason. The June 4, 2024, order on Spears's petition to be named trustee did not, by its terms, immediately effect Spears's appointment as trustee. Instead, it ordered that she "*be* appointed" upon filing the required oath. Deguara Decl. Ex. C at 4 (emphasis added). As a result, Spears did not simply lack the required oath; under the order's plain language, she had not yet been *appointed* as trustee. That defect is fatal to her FTCA claims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of the United States to dismiss Counts I and II [ECF No. 7] is GRANTED.

2. Counts I and II are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as to the United States.

Dated: July 31, 2025                         /s/ Patrick J. Schiltz
                                             Patrick J. Schiltz, Chief Judge
                                             United States District Court